```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DIRECTV, LLC                                    CIVIL ACTION

VERSUS                                          NO: 13-487

HABIP ERTEM, ET AL.                             SECTION: R
```

**ORDER AND REASONS**

Before the Court is the issue of damages for defendants' violation of 47 U.S.C. § 605. The Court previously granted plaintiff DirecTV's motion for partial summary judgment on the issue of defendants' liability,[1] leaving only the question of damages remaining. For the following reasons, the Court awards DirecTV $23,463.58 in total damages, fees, and costs.

**I.   BACKGROUND**

DirecTV filed this lawsuit on March 15, 2013, alleging that on June 16, 2012, defendants Habip Ertem and Ulusan, LLC d/b/a St. Charles Tavern received and displayed DirecTV satellite programming at St. Charles Tavern without DirecTV's authorization.[2] On May 9, 2014, DirecTV moved for summary judgment on defendants' liability under 47 U.S.C. § 605, part of the Cable Communications Policy Act of 1984.[3] The Court granted DirecTV's motion for partial summary

---

[1]   R. Doc. 21.

[2]   R. Doc. 1.

[3]   *See* R. Doc. 18-11 at 11.

judgment.[4] DirecTV then timely submitted a Memorandum of Law in Support of Damages, Costs, and Fees.[5] St. Charles Tavern did not file an opposition. Because DirecTV's memorandum lacked sufficient supporting documentation, however, the Court declined to enter an award for damages, costs, or attorney's fees and ordered supplemental briefing.[6] DirecTV filed a supplemental memorandum with new supporting documentation on November 21, 2014.[7]

## II. LAW AND DISCUSSION

Section 605(e)(3)(C)(i)(II) of the Cable Communications Policy Act states that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000." 47 U.S.C. § 605(e)(3)(C)(i)(II). Further, if the Court "finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000 for each violation of subsection (a)." 47 U.S.C. § 605(e)(3)(C)(ii). Lastly, section 605(e)(3)(B)(iii) provides that the Court "shall

---

[4] R. Doc. 21.

[5] R. Doc. 24.

[6] R. Doc. 25.

[7] R. Doc. 26. Two weeks later, DirecTV refiled the same memorandum, attached to a renewed Motion for Damages, Costs, and Fees. R. Doc. 27. This Order addresses both documents.

direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Here, DirecTV asks for $6,395.58 in statutory damages,[8] $19,186.74 in enhanced damages,[9] and $7,018.30 in attorney's fees and costs,[10] for a total of $32,600.62.

### A. Statutory Damages

Courts have employed several different methods for calculating statutory damages for violations of section 605. *See Joe Hand Promotions, Inc. v. Bonvillain*, No. 13-4912, 2013 WL 5935208, at *2 (E.D. La. Nov. 5, 2013). Some courts have held defendants liable for a "flat sum of damages"; others have calculated damages "based on the number of patrons in the establishment at the time of the violation"; and still others have imposed "the cost of the appropriate licensing fee proportional to the size of the business had the business legally aired the program." *Id.* (citations omitted). Each method "provides a different approach to determining a 'just' amount." *Id.* In the final analysis, courts are to award an amount of damages that "balance[s] the financial harm suffered by the plaintiff with the financial burden on the defendants of a hefty damages award" and also takes into account the deterrent purposes of the statute. *Joe Hand Promotions, Inc. v. Trenchard*, No. 3:12cv1099, 2014 WL 854537, at *3 (D. Conn. March

---

[8] R. Doc. 26 at 4.

[9] *Id.* at 9.

[10] *Id.* at 16.

3, 2014); *see Joe Hand Promotions, Inc. v. Guillory*, No. 14-00970, 2014 WL 4678962, at *2 (W.D. La. Sept. 18, 2014) (considering the need to deter similar conduct in the future as a factor relevant to setting statutory damages).

While there is no bright line rule dictating a single method for calculating damages under section 605(e)(3)(C)(i)(II), courts within this and other jurisdictions most often use the plaintiff's cable licensing fee as a benchmark for determining an appropriate damages award. *See, e.g.*, *Joe Hand Promotions, Inc. v. Ashby*, No.13-4747, 2014 WL 1330027, at *5 (E.D. La. April 2, 2014) (awarding three times the licensing fee as statutory damages), *vacated on other grounds by Joe Hand Promotions, Inc. v. Ashby*, No. 13-4747, 2014 WL 1652511 (E.D. La. April 24, 2014); *Bonvillain*, 2013 WL 5935208, at *2 (awarding approximately two times the licensing fee as statutory damages); *J&J Sports Prods. Inc., v. Wing Bistro LLC*, No. 4:13cv31, 2013 WL 6834645, at *7 (E.D. Va. Dec. 19, 2013) (awarding four times the licensing fee as statutory damages).

DirecTV contends that defendants' unlawful exhibition of DirecTV's programming in St. Charles Tavern caused DirecTV to suffer actual losses of $6,395.58, which DirecTV seeks as statutory damages.[11] DirecTV reaches this sum by calculating the cost defendants would have paid for a commercial account beginning on December 12, 2010, the date defendants' residential account began,

---

[11] R. Doc. 26 at 4.

through September 10, 2012, the date DirecTV cancelled defendants' service.[12]   DirecTV's supporting documentation includes a spreadsheet that shows the price difference between a residential and a commercial account for each month between December 2010 to September 2012.[13]

On summary judgment, DirecTV proved only one violation of section 605: defendants displayed DirecTV programming in St. Charles Tavern on June 16, 2012.[14] Thus, an award representing what defendants would have paid for nearly 22 months of commercial service is inappropriate. To accomplish the deterrent goals of the statute, DirecTV's losses for the most recent year are a more appropriate benchmark. According to DirecTV's spreadsheet, the total amount of loss suffered by DirecTV between September 2011 and August 2012 is $2,740.88. Applying a 2.0 multiplier to this amount, the Court awards DirecTV $5,481.76 in statutory damages.

**B. Enhanced Damages**

Courts often calculate enhanced damages under section 605(e)(3)(C)(ii) by applying a multiplier to the amount awarded for statutory damages. *See, e.g.*, *Ashby*, 2014 WL 1330027, at *6 (awarding double the amount of statutory damages as enhanced damages); *Bonvillain*, 2013 WL 5935208, at *3 (same). Here, DirecTV asks the court to apply a 3.0 multiplier. Balancing the deterrent

---

[12]   R. Doc. 26 at 4-5; R. Doc. 26-1 at 2-3.

[13]   R. Doc. 26-1 at 2-3.

[14]   R. Doc. 21 at 8.

goals of the statute and "the financial harm suffered by [DirecTV]" against "the financial burden on the defendants of a hefty damages award," the Court determines that a 2.0 multiplier is more appropriate. *Trenchard*, 2014 WL 854537, at *3. Applying that multiplier, the Court awards DirecTV $10,963.52 in enhanced damages.

### C. Attorney's Fees and Costs

Section 605 requires the Court to "direct the recovery of full costs, including . . . reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii).

In assessing the reasonableness of attorney's fees, the Court must first determine the "lodestar" by multiplying the reasonable hourly rate for each participating attorney and the reasonable number of hours expended by each participating attorney. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996).

#### 1. Reasonable Hourly Rates

DirecTV submits the affidavit of its counsel, Julie Cohen Lonstein, a partner at Lonstein Law Office, as well as an itemized billing statement, as evidence of the attorney's fees and costs it has incurred.[15] These documents indicate that three experienced attorneys worked on this case: Julie Lonstein with 20 years

---

[15]   R. Doc. 24-1.

experience, partner Wayne D. Lonstein with 25 years experience, and associate Dawn Conklin with 17 years experience. DirecTV seeks $6,563.30 in attorney's fees. This request includes 1.2 hours of partner time at $350/hour, 22.43 hours of associate time at $250/hour, and 5.64 hours of paralegal or legal assistant time at $95.00/hour.

Having reviewed the most recent case law in this district, the Court finds that the requested hourly rates are reasonable. This Court recently sanctioned similar hourly rates for attorneys with similar years of experience. *See Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC*, No. CIV.A. 10-4151, 2014 WL 5039670, at *8 (E.D. La. Sept. 25, 2014) (approving hourly rates of $325/hour for an attorney with 19 years experience, $275/hour for an attorney with 7 years experience, and $225/hour for an attorney with 4 years experience). DirecTV's requested rates are also in line with rates approved by other courts in this district in recent years. *See, e.g., Constr. South, Inc. v. Jenkins*, No. 11-1201, 2001 WL 3882271, at *2 (E.D. La. July 29, 2011) (approving $350/hour for partners with 30 and 36 years experience); *Gulf Coast Facilities Mgmt, L.L.C. v. BG LNG Servs., L.L.C.*, Civ. A. No. 09-3822, 2010 WL 2773208, at *4-5 (E.D. La. July 13, 2010) (awarding $300.00/hour to attorneys with 17 years experience and $180.00/hour and $135.00/hour to attorneys with seven years and two years experience); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 701-02 (E.D. La. 2009) (awarding $300/hour for partners, $225/hour

for associates, and $75/hour for paralegals). Given this precedent, the Court finds that hourly rates of $350/hour for partners, $250/hour for associates, and $95/hour for paralegals or legal assistants are reasonable.

### 2. Reasonable Number of Hours

The Court must next determine whether the number of hours that counsel expended on the litigation was reasonable. Generally, the Court "should exclude all time that is excessive, duplicative, or inadequately documented." *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379-80 (5th Cir. 2010) (internal citations omitted). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended. *See id.*

The Court has reviewed line by line the billing statement submitted on behalf of DirecTV's counsel and finds the hours expended to be reasonable. The billing statement reflects that DirecTV's counsel, *inter alia*, drafted the initial complaint, prepared discovery requests, and drafted various motions and supporting documentation. Therefore, the Court approves the number of hours billed and will award attorney's fees for 1.2 hours of partner time, 22.43 hours of associate time, and 5.64 hours of paralegal or legal assistant time. Multiplying the approved hours

by the reduced rates listed above, the Court thus awards DirecTV $6,563.30 in attorney's fees.

### 3. Costs

The Cable Communications Policy Act directs the Court to award full costs to the prevailing party. 47 U.S.C. § 605(e)(3)(B)(iii). Section 1920 of Title 28 of the United States Code provides that a prevailing party may recover the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). A court may award only those costs specified in Section 1920 unless there is explicit statutory or contractual authority to the contrary. *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).

DirecTV seeks costs in the amount of $455.00, reflecting its counsel's payment of this court's filing fees, as well as a *pro hac vice* fee. These costs are clearly recoverable. *See* 28 U.S.C. § 1920; *Mota*, 261 F. 3d at 529.

**III. CONCLUSION**

For the foregoing reasons, the Court awards DirecTV a total of $23,463.58 in statutory damages, attorney's fees, and costs.

New Orleans, Louisiana, this 3rd day of February, 2015.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE